AMERICAN STEAM-BOILER INS. CO. *v.* ANDERSON *et al.*

(*Superior Court of New York City, General Term.* June 28, 1889.)

1. INSURANCE—CANCELLATION OF POLICY—LIABILITY OF AGENT.
   Plaintiff, an insurance company, contracted in writing with defendants to become its agents and general managers, and promised to pay them "a commission of 30 per cent. upon all premiums received by them upon policies issued through their agency;" said percentage "to be deducted from the monthly statements to be rendered by them, and settled for each month," etc. Defendants issued two policies made for three years to one H., who paid $1,125 as premiums, and out of which they retained $337.50 as their 30 per cent. commission. Each policy contained a clause that it might be canceled by the company on refunding to assured a ratable proportion of the premium for the unexpired term, and by assured on paying therefrom the customary short rates for the time the policy should be in force. Before the end of the three years the parties agreed that the policies should "cease and determine upon the 1st day of January, 1886, and on and from that date be null and void;" but that it should not invalidate any claim that the company might have against defendants for unpaid accounts. Defendants became agents of another insurance company, and solicited H. to cancel the policies with plaintiff, and take others in their new company, which he did, and plaintiff returned $118.13 of the premiums to him. *Held,* that defendants were, under the terms of this contract, liable to plaintiff for 30 per cent. of the returned premiums, and it was not error to so direct the jury.

2. EVIDENCE—CUSTOM—TO VARY CONTRACT.
   The contract being conclusive in its terms, it could not be varied by proof of a custom, and the exclusion of evidence as to a custom among insurers that agents were not charged with the amount of the percentage on premiums returned after a monthly settlement, which was subject to future changes, was not error.

Appeal from jury term.

Action by the American Steam-Boiler Insurance Company against Edward C. Anderson and George S. Stanton for damages for procuring the cancellation of policies of insurance. Verdict for plaintiff. From the judgment entered thereon both parties appeal.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Wolff & Hodge,* (*Robert Sewell,* of counsel,) for plaintiff.    *T. Henry Dewey,* for defendants.

SEDGWICK, C. J.    It is not necessary to state the pleadings. The decision of the judge below was, without objection, upon the case made by the testimony. The plaintiff was a corporation, with the business of insuring against loss from explosion of steam-boilers. It made a contract in writing with the defendants, by which the latter were made the general managers and agents of the company and its business in certain states. There was the following provision: "And the said company do promise to pay to the said Anderson and Stanton a commission of 30 per cent. upon all premiums received by them upon policies issued through their agency, which said amount of 30 per cent. is to be deducted from the monthly accounts to be rendered by them, and settled for each month," etc. Afterwards the defendants issued to R. Hoe & Co. two policies of insurance, upon which was paid the sum of $1,125 as premiums, and upon which the defendants retained as their commissions $337.50, as the 30 per cent. upon the premium. These policies were made for the term of three years. Each contained a clause that it might be canceled at any time at the option of the company, on refunding to the assured a ratable proportion of the premium for the unexpired term of the policy, and the policy might also be canceled at any time, at the request of the assured, in which case the company shall first retain the customary short rates for the time the policy has been in force. Afterwards, and before the end of the term of the policies, by mutual consent of the parties to the agreement, "it is understood and agreed that the same shall cease and determine upon the 1st day of January, 1886, and on and from that date be null and void, but it is also understood and agreed that in no way shall it invalidate any claim that the company shall have against

Anderson and Stanton for unpaid accounts." Afterwards the defendants became agents of the Hartford Steam-Boiler Insurance Company, and as such agents solicited R. Hoe & Co. to cancel their policies with the plaintiff, and take policies in the Hartford Company. R. Hoe & Co. acceded to this, and at their request, and under the terms of the policies of plaintiff, these policies were cancelled, and the plaintiff returned to R. Hoe & Co. the premiums to the amount of $118.13. On this case the learned judge below directed the jury to find for the plaintiff in the sum of $39.34, being 30 per cent. of the returned premiums and interest.

The judge was, in my opinion, correct in his ruling, as it was the result of a correct construction of the contract. By the contract the compensation was to be 30 per cent. of the "premiums received by the defendants upon policies issued through their agency." The premiums referred to necessarily mean the premiums as provided in the policies on which they are to be paid. If, as in the policies in question in the first instance, they are specified as being a certain sum, yet if they are subject to a future clause in the policy, which will change the policy and reduce the amount, and the latter is carried into effect, and the amount is reduced, then the premium on that policy, as a whole. is in the reduced amount. In the first instance, the higher amount of premium being paid, there being no presumption that a change will be made in the policy, it may properly be included in monthly statements. But in those settlements the item is to be considered according to the fact, and be held subject to future occurrences, which may properly reduce the amount. The matter would appear more clearly if the reduction were to take place before a monthly statement, and while the defendants remained the agents and managers of the plaintiff. If on the first day of a month the premium of $1,125 . was paid, and on the middle of the month the policy canceled, so that they themselves as managers returned to the insured $1,000 of that premium, could it be maintained that on the whole transaction they received over $125 as premiums? And the whole of a transaction is to be considered, and not a part by itself, when that part is related to the rest by the nature of things and the interest of the parties. The difference between this transaction and the one in action is that the part of the premium returned was returned after all monthly settlements had been made. If the views that have been expressed are correct, these monthly settlements were not final in those matters that were in their nature to be subject to future occurrences, and should be corrected according to those occurrences when they exist. On this point the annulling the agreement did not annul rights that had accrued before. *Society* v. *Brinker*, 77 N. Y. 435. Another difference is that the returned premium . was returned by the plaintiff itself, and not by the defendants, as in the transaction supposed. Physically this is correct, but in legal effect, and as to the correction of the account of commissions, the plaintiff being bound to return it by the terms of the policy as issued by the defendants, and as the defendants were in the first instance to receive premiums for the plaintiff, they were bound by the return, as reducing the original amount as efficiently as if they had themselves returned the part premium. I therefore think that the conclusion of the court below should be sustained.

The defendants urge that there was error in excluding evidences as to a custom among insurers that agents should not be charged with the amount of the percentage upon returned premiums in instances like the one in action. I, however, think that the contract has a conclusive force in its terms that cannot be varied by proof of custom. The proposed proof as to short rates would not have altered the result. The plaintiff argues that the defendants continued in their obligations as agents after the contract was annulled, and that they violated these obligations in a way that deprived them of any right to commissions to any amount. Without going into the merits of this, I think it must be seen that, if the defendants procured R. Hoe & Co. to require the plaintiff

to do what it had contracted to do, it suffered no damage. The judgment should be affirmed on each appeal, without costs.

FREEDMAN, J., concurs.